**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gene Edward Scott, II, | No. CV-22-00873-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Doris Washington, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that he is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow him to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.    Legal Standard**

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners."

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014)

---

*Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

(quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II.     Discussion

The Court finds Plaintiff's Complaint fails to state a claim on which relief may be granted. Plaintiff wishes to bring a *Bivens* claim and a § 1983 claim. (Doc. 1 at 3). Plaintiff alleges "Defendants neglectfully condones too little Negroes' land ownership (specifically farming) (including farming equipments [sic]) (activities in Cotton Gins and soybeans farming processes in zip code 72069 and Monroe County Arkansas . . ." (Doc. 1 at 4). The Complaint, however, does not allege with specificity what constitutional deprivations Plaintiff has suffered. Simply asserting Defendants violated the Civil Rights Act of 1964 does not draw an inference that a particular defendant violated the law. Plaintiff further alleges "the space sattelites [sic] allow neglect and crimes" and "they are anti-Christian [] and anti-God." (*Id.*). He continues in an indiscernible manner, "[i]llegal roads closures at Redmon cemetery area and Green Lake area in Arkansas State. Caucasian farmers." (*Id.*) Under "sustained injuries," he writes, "[e]xtremely severe unemployment in zip code 72069's area." (*Id.* at 5). Plainly, these allegations do not meet Rule 8's pleading standards. A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In other words, **Plaintiff must allege facts showing he has a plausible legal claim**. *Id.* Without more factual detail, such as how Defendants deprived Plaintiff of certain constitutional rights, the Court cannot infer a plausible claim. *Id.* The Complaint, therefore, fails to state a claim and must be dismissed.

## III.    Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will grant him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when

justice so requires[]").

**If Plaintiff wishes to pursue this suit, he must amend his Complaint by making factual allegations showing he is entitled to relief.** Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. There are examples of different types of complaints in the Federal Rules of Civil Procedure's appendix of forms (forms 11–21).[3] The Court also recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[4]

**To be clear, Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [he is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe[s] was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct. [Plaintiff] must repeat this process for each theory underlying every specific cause of action."** *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).

Within **thirty (30) days** from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." This complaint must be *retyped or rewritten in its entirety* and may not incorporate any part of the original Complaint by reference.

Plaintiff should know "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). After a plaintiff files an amended complaint, the Court treats the original complaint as if it did not exist. *Id.* at 925.

/ / /

---

[3] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[4] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

**V.  Warning**

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).  If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed** with leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 14th day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge